**Lissa Morrow CHRISTIAN, Plaintiff,**

v.

**NEW YORK STATE BOARD OF LAW EXAMINERS, et al., Defendants.**

No. 94 Civ. 0949 (RO).

United States District Court,
S.D. New York.

Oct. 17, 1995.

Lissa Morrow Christian, Bayside, NY, Plaintiff Pro Se.

G. Oliver Koppell, Attorney General of the State of New York, Bronx, NY, for Defendants (Rebecca Ann Durden, New York City, Of Counsel).

## MEMORANDUM AND ORDER

OWEN, District Judge.

The defendants in this case, the New York Board of Law Examiners and certain individually named officers of the Board, move to dismiss the complaint against them made by the plaintiff, Lissa Morrow Christian.

1. The relevant rules governing the New York State Board of Law Examiners follow:

> Examination accommodations for applicants with disabilities.
> (a) The bar examination is intended to test all qualified candidates for knowledge and skills relevant to the practice of law. Accordingly, it is the policy of the New York State Board of Law Examiners to provide accommodations in testing conditions to candidates with disabilities during the administration of the

Plaintiff graduated from the Law School of the City University of New York in 1993. The plaintiff applied for special accommodations in taking the bar examination [1] on the ground of being "learning disabled"—specifically, that she had dyslexia (a reading impairment) and dysgraphia (a writing impairment). Plaintiff submitted documentation including reports from Doctors Florence Sisenwein and Rolland Parker, respectively a psychologist and a clinical professor of neuropsychology. In her application, she asked for the following accommodations: enlarged type exam questions, double time to write answers in the test booklets, use of a computer with a word processor and a spell-checking feature, a separate room so she could read aloud, scrap paper, and a room near the bathroom. The Board submitted her claim to Dr. Frank R. Vellutio, the Board's expert on disability who was responsible for evaluating all applications for accommodations. Dr. Vellutio, a professor of psychology, concluded however that her documentation did not support her claim of need and on his recommendation, the Board denied plaintiff special accommodations. New York State's Judiciary Law afforded plaintiff an opportunity to appeal this decision before the full Board. N.Y. Judiciary Law § 460–b (McKinney 1994). Plaintiff utilized this procedure, submitting further evidence, and the initial decision by the Board was upheld.

Plaintiff did not take New York State's bar exam that summer. However, she applied to New Jersey. Plaintiff alleges that between the time of New York's denial and New Jersey's approval of accommodations, an officer of the New York Board of Law Examiners sent a copy of its letter denying accommodations to the Assistant Secretary for the New Jersey Board of Bar Examiners. Even

> examination, to the extent such accommodations are reasonable, consistent with the nature and purpose of the examination, and necessitated by the candidate's disability.
>
> \* \* \* \* \* \*
>
> (f) For purposes of this section, the term disability shall mean a physical, neurological or learning disability, and the term candidates with disabilities shall mean otherwise qualified candidates having such disabilities.

N.Y.Ct.Rules § 6000.4 (McKinney 1994).

if this happened, it was New Jersey's determination to grant plaintiff accommodations, and she passed.

In December 1993, plaintiff again applied to take the New York State bar exam scheduled for February 1994, and again requested the same special accommodations. She submitted the same documentation as she did for the July 1993 exam, with the addition of a report written in the fall of 1993 by Dr. Richard Kovner, a clinical psychologist. The Board followed the identical review procedure that it used for the July 1993 exam, using Dr. Vellutio as its expert for evaluating the submissions by plaintiff. On February 3, 1994, the Board informed plaintiff that her application for accommodations was denied. However, the Board did agree to give plaintiff scrap paper and a room near the bathroom. Again, this decision was appealed to the full Board and upheld.

On February 14, 1994, represented by counsel, plaintiff filed this complaint and moved for a preliminary injunction for special accommodations for the February 1994 exam. At the hearing before Judge Keenan, plaintiff brought in Drs. Sisenwein and Kovner who testified as to plaintiff's alleged disabilities. Plaintiff argued at the hearing on the motion that she could not take the bar exam without the accommodations and therefore would be irreparably harmed by having to wait until the civil action was decided on the merits (presumably in her favor) before she could take the exam, pass it, and begin to practice law. The motion for a preliminary injunction was denied by Judge Keenan on February 18, 1994. He essentially concluded that there was no showing of "irreparable harm" to the plaintiff because any injury to her career could be compensated by money damages.

■ However, notwithstanding all this, plaintiff decided to, and did, take the February 1994 New York bar exam and passed. Although she passed the Bar, plaintiff continues to press her complaint on the theory that

she is entitled to compensatory damages for mental distress and compensation for her expenses in preparing for the February 1994 exam.

As I see it, while I am informed from outside of the complaint that plaintiff passed both the New York and New Jersey bar exams, I am not converting this into a motion for summary judgment and thus, I address no more than whether given this awareness, there is arguable life remaining in the complaint.

■ The complaint has four causes of action. The first three are based on § 42 U.S.C. §§ 12189 and 12132, and 1983, and allege in essence that plaintiff was denied the opportunity to take the exam in a manner "accessible to" her (Count I), and that this denied her the "benefits of the Bar Examination" (Count II), and that it further "damaged [her] ability to an equal opportunity to be admitted to practice law in the State of New York" (Count III). Plaintiff succeeded on the examination and therefore I conclude that as a matter of law there is no longer any case or controversy remaining. While one might not—or need not—go so far as to say that plaintiff's passing the exam demonstrated that the Board was correct in its assessment of the severity of her disabilities, it is certainly so that one could not, hereafter, permit a finding by a trier of the fact that the Board was wrong,[2] and therefore was liable to her for some amount of compensation. Thousands of law students from all law schools and backgrounds with greater or lesser skills face this exam each year with enormous anxiety and generally extraordinary preparation and related expense. Each year some fail and take it again.

Plaintiff's fourth cause of action, a state law claim under New York Judiciary Law § 90(10) alleges that New York made an "unauthorized disclosure of plaintiff's accommodation request to the New Jersey Board of Law examiners",[3] thus "wantonly and wil-

---

**2.** The determination of the Board, as an administrative agency, is in any event entitled to some deference. 612 F.2d 644, 648 (2d Cir.1979).

**3.** Plaintiff's allegation that there was a "retaliatory" motive behind New York's alleged communi-

cation to New Jersey alleges no facts supporting any "evil" motive, even assuming such a letter was sent, which by itself would appear to be entirely proper.

fully interfering with plaintiff's rights". Having dismissed the federal claims, I decline to retain the state claim, here, too, noting that it appears moot; New Jersey granted her accommodations of some kind, and plaintiff passed the New Jersey exam.

The complaint is accordingly dismissed.